5L 577
7L 352
13L 298

## CREED MOULDEN *v.* THE STATE.

CRIMINAL LAW. *Receiving goods under false pretenses.* The defendant gave an order on his employer for wages afterwards to become due him. He subsequently collected his wages himself, concealing the fact that he had given the order. *Held,* that this did not constitute the offense of obtaining goods under false pretenses, under the Code, sec. 4701.

### FROM HAMILTON.

Appeal in error from the Circuit Court of Hamilton county.    D. C. TREWHITT, J.

—— —— for Moulden.

ATTORNEY-GENERAL LEA for the State.

McFARLAND, J., delivered the opinion of the court.

The indictment charges that the defendant did unlawfully, fraudulently and feloniously obtain from the East Tennessee, Virginia and Georgia Railroad Company twenty dollars, the personal property of John G. Kain, by falsely and fraudulently pretending that he was entitled to the same, when the truth was he had no right to so receive said money, and the same was so obtained with intent to defraud John G. Kain.

The testimony shows that the defendant was a "section hand" on the railroad under one Wheeler,

37—VOL. 5.

"section boss." That he bought provisions to the amount of $20.30 from the prosecutor, Kain, and on the 2d of July, 1879, gave him the following order:

"Chattanooga, July 2, 1879. To the E. T., Va. & Ga. R. R. Co.: You will please pay to John G. Kain or order nine dollars due me for work and labor as track hand in the month of June, and whatever may become due me for the month of July, 1879. I am indebted to said John G. Kain for provision. Signed, Creed ⋈ Moulden."

Kain received the nine dollars specified in the order through Wheeler, in reality before the order was given, but received nothing more. The defendant was discharged before the next pay-day, but the testimony shows that he did work at least part of the month of July, and attended at Chickamauga station when the "pay train" was there for the purpose of collecting the amount due him for that month's work, and the proof makes it probable that he did so, although there is no direct evidence to that effect.

Kain did not at any time present the order to any agent of the railroad company. He says he sent it to Wheeler to collect for him, but Wheeler says he did not receive it. This is the case.

The prosecution is upon the theory, that in collecting the wages due him for the month of July after having given Kain an order for the amount, the defendant was guilty of obtaining the money under false pretenses.

Moulden *v.* The State.

Without undertaking to construe sec. 4701 of the Code further than has been done in our reported cases, or to define what character of cases fall within its provision, we hold that this case does not. Defendant has doubtless acted badly, repudiated his contract, failed to pay his debt, but in collecting from the railroad company the amount of wages earned by him—if indeed he did so—there is nothing to show that he resorted to any false pretense in the sense of this statute. It may, perhaps, be inferred that he suppressed the fact that he had given the order referred to, but even this is mere inference, and if he did so, while it was bad faith, it would not constitute the offense created by the statute. The statute was not intended to apply to every case of falsehood and dishonesty by which one party gets an advantage over another. *Chapman* v. *The State,* 2 Head, 36.

Reverse the judgment.